

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2008

# Cheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3219

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cheng v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1044.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1044

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3219
_____

SZE FUNG CHENG; SHU HEUNG LAM;
LAI PING CHENG; WAI MING CHENG,
                                    Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A98-222-883/4/5/6)
Immigration Judge: Daniel A. Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

Opinion filed June 6, 2008
_____

OPINION
_____

PER CURIAM

      Petitioner Sze Fung Cheng seeks review of an order of the Board of Immigration

Appeals dismissing his appeal from the Immigration Judge's denial of his applications for

asylum, withholding of removal and protection under the Convention Against Torture

("CAT").[1]  Because substantial evidence supports the BIA's decision, we will deny the petition for review.

## I.

Cheng is a native and citizen of China and is married to Shu Heung Lam, also a native and citizen of China.  Together, they have two children, both of whom were born in Hong Kong: a girl named Lai Ping Cheng, and a boy, Wai Ming Cheng.  The Chengs arrived in the United States on or about January 5, 2005, without valid entry documents, at which time they were issued a Notice to Appear and charged with removability pursuant to INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)].

Cheng filed for asylum and withholding of removal under the INA.  His application was also construed as an application for relief under Article III of the Convention Against Torture.  Cheng claims he fears returning to Hong Kong because of threats made against him and his family by gangsters hired by his employer to intimidate him after he organized a strike at the construction site where he worked.  Cheng alleged that sometime in 2004, his employer refused to pay him for six months of work he had completed.  In response, Cheng organized a strike with his co-workers.  In July or August of 2004, Cheng believes that his boss hired gangsters to threaten him, with the aim of forcing Cheng to return to work.  Cheng reported the threats to the police who told him

---

[1]The respondents are Mr. Cheng, the lead respondent, his wife and two children.  The asylum applications of Mr. Cheng's wife and children are based upon, and derivative of, his application.

they would investigate; however, Cheng did not see any results from the investigation. Indeed, after he reported the threats, several men came to his house and told his wife that Cheng must return to work, otherwise he and his family should "be careful." ("App." at 113.) Two weeks later, the men returned to his home and told Cheng's wife that the family would be in danger if Cheng did not return to work. After this third threat, Cheng decided to go into hiding with relatives and ultimately to leave the country. (App. at 117).

On February 8, 2006, the IJ issued an oral decision rejecting Cheng's claims. The Board affirmed the IJ's determination, finding that Cheng did not qualify for the requested relief because his testimony was not credible. The Board also affirmed the IJ's alternate finding that, even if credible, Cheng had failed to carry his burden of proof to establish past persecution or a well-founded fear of future persecution on a account of a protected ground. This timely petition for review followed.

## II.

We have jurisdiction to review the BIA's final orders of removal pursuant to 8 U.S.C. § 1252(a). We review the Board's decision for substantial evidence. Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998). The agency's factual findings will be overturned only where a reasonable finder of fact would be compelled to conclude otherwise. Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

The Board's conclusion that Cheng failed to establish past persecution on the basis

3

of past threats made against him and his family is supported by substantial evidence in the record. We have previously held that threats are sufficient to prove past persecution only in a very narrow set of circumstances. "Threats standing alone . . . constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005) (internal quotation marks and citations omitted). The threats to which Cheng and his family were subjected were unaccompanied by any physical harm or violence. In other words, they never resulted in "highly imminent" or concrete harm to Cheng or his family, and thus, under our standards, cannot constitute past persecution. See Chavarria v. Gonzalez, 446 F.3d 508, 518 (3d Cir. 2006) (refusing to extend asylum protection for threats that, while sinister and credible in nature, were not imminent or concrete or that failed to result in any physical violence or harm to the alien); see also Li, 400 F.3d at 165 (holding that "unfulfilled threats, even death threats, [do] not qualify as past persecution unless highly imminent").

Cheng relies on Osorio v. INS, 18 F.3d 1017, 1030-31 (2d Cir. 1994), to argue that his past experiences are sufficient to establish a well-founded fear of future persecution because he has shown that he was sought by private actors on account of his political opinion from whom the government was unable to protect him. (Pet. Br. at 19-20). In Osorio, the Second Circuit found that the petitioner's dissident activities reflected an imputed political opinion that strikes by municipal workers should be legal and that

4

workers should be given more rights. 18 F.3d at 1030-31. By contrast here, the strike organized by Cheng was solely related to his private employer's refusal to pay him for work performed. As the BIA properly concluded, because Cheng's fear stems from a business or contractual dispute, rather than from activities that suggest an imputed political opinion, Cheng has not presented grounds for protection under the Act.

Even if Cheng had established that the prospective harm he fears is related to his political opinion as evidenced by the strike he organized, Cheng has not provided information regarding either the government's refusal to investigate or the failure of the investigation sufficient to demonstrate the government's unwillingness or inability to protect him and his family from harm. See, e.g., Nahrvani v. Gonzales, 399 F.3d 1148, 1154 (9th Cir. 2005) (failed investigation does not necessarily demonstrate that the government was unwilling or unable to control the individuals who were harassing applicant).[2] Cheng's fear of future persecution in Hong Kong is simply too speculative to support an asylum claim.

For these reasons, the Board's findings that Cheng has failed to demonstrate past persecution or a well-founded fear of future persecution are supported by substantial

---

[2]We note that Cheng claims for the first time on appeal that the Handbook on Procedures and Criteria for Determining Refugee Status Under the 1951 Convention and the 1967 Protocol Relating to the Status of Refugees applies to his case. However, "[a] court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]. Cheng has failed to exhaust his administrative remedies with regard to this argument and thus, this Court does not have jurisdiction to consider it. See id.

evidence, and his application for asylum was properly denied.[3] Because Cheng failed to establish eligibility for asylum, he necessarily failed to demonstrate eligibility for withholding of removal. See Zubeda v. Ashcroft, 333 F.3d 463, 470 (3d Cir. 2003). Finally, substantial evidence supports the IJ's denial for relief under the CAT, as Cheng has presented no evidence to demonstrate that it is more likely than not that he will be tortured if returned to China. See Lukwago v. Ashcroft, 329 F.3d 157, 182-83 (3d Cir. 2003).

For the foregoing reasons, we will deny the petition for review.

---

[3]We need not reach Cheng's argument that the IJ's credibility determination was not supported by substantial evidence because, even assuming he was credible, Cheng has failed to meet his burden of showing past persecution or a well-founded fear of future persecution.